11-4413                                                                BIA
Zheng v. Holder                                                 A088 380 465

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand twelve.

PRESENT:
            JON O. NEWMAN,
            RICHARD C. WESLEY,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

_____

AI MING ZHENG,
         *Petitioner,*

            v.                                          11-4413
                                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*

_____

FOR PETITIONER:          Michael Brown, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Russell J. E.
                         Verby, Senior Litigation Counsel;
                         Dalin R. Holyoak, Trial Attorney,
                         Office of Immigration Litigation,
                         Civil Division, United States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Ming Zheng, a native and citizen of the People's Republic of China, seeks review of a September 29, 2011, decision of the BIA denying his motion to reopen. *In re Ai Ming Zheng*, No. A088 380 465 (B.I.A. Sept. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). It is well established that the BIA may deny an alien's motion to reopen for failure to demonstrate his *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish eligibility for asylum, an applicant, like Zheng, who does not rely on past persecution must demonstrate a well-founded fear of future persecution. *See Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 564 (2d Cir. 2006); 8 U.S.C. § 1101(a)(42). "[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that

2

authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam).

Zheng argues that he demonstrated that Chinese authorities had become aware of his Falun Gong practice based on a notice from his native village's officials threatening to punish him for his practice of Falun Gong in the United States and a letter from his wife describing the origin of that notice. However, the BIA reasonably declined to credit the notice because it was: (1) unsigned and unauthenticated; and (2) implausible considering the vague claims of Zheng and his wife that unknown individuals witnessed Zheng practicing Falun Gong in the United States, returned to China, and informed his village's government. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). The BIA also reasonably declined to afford probative weight to the letter of Zheng's wife because it was not authenticated. Contrary to Zheng's arguments, the BIA was permitted to make factual findings

3

regarding whether the evidence he submitted with his motion was previously unavailable and material, *see* 8 C.F.R. § 1003.2(c)(1), and to assess the reliability of that evidence, *see Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 n.5 (B.I.A. 2010), *remanded on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Because Zheng failed to demonstrate that the Chinese government was aware or would likely become aware of his practice of Falun Gong, the BIA did not abuse its discretion when it denied Zheng's motion based on his failure to demonstrate his *prima facie* eligibility for relief. *See Abudu*, 485 U.S. at 104-05; *Hongsheng Leng*, 528 F.3d at 143.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4